Filed 07/02/25

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-03984

State of Vermont v. TikTok Inc.

## Opinion and Order on the State's Motion for Reconsideration

In a March 25, 2025, Order, the Court approved certain redactions to the complaint in this case, including one to protect an asserted trade secret in ¶ 9. The State now asks the Court to reconsider the ¶ 9 redaction as similar information was subsequently made public in court filings in the New Jersey and D.C. suits against TikTok. In opposing reconsideration, TikTok relies heavily on the procedural standard. Otherwise, it argues that the "similar" information disclosed in the other states is specific to those markets, while the information redacted in ¶ 9 is specific to Vermont. Thus, it argues, regardless that the information may be similar, it presumably provides different insight into TikTok's operations and usage in different markets. The Court makes the following determinations.

"The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* "Additional facts and arguments that should have been raised in the first instance are not appropriate

grounds for a motion for reconsideration." *Rossi v. Troy State Univ.*, 330 F.Supp.2d 1240, 1249 (M.D. Ala. 2002). A party may not wait for reconsideration to "wheel out all its artillery." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (quoting *Employers Ins. of Wausau v. Bodi–Wachs Aviation Ins. Agency*, 846 F. Supp. 677, 685 (N.D. Ill. 1994)).

While the above precedents inform the Court's review, as Rule 54(b) provides, the Court retains extremely broad discretion to reconsider its interlocutory orders. Vt. R. Civ. P. 54(b) (interlocutory orders "subject to revision at any time" prior to entry of final judgment); *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982) ("A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment.").

Here, the Court is persuaded that the redaction to ¶ 9 should be removed. As redacted, ¶ 9 alleges:

> TikTok knows that a significant percentage of children (more than 20%) are active late at night (between 12:00 a.m. and 5:00 a.m.), when they should be sleeping. The company's internal data also show that Vermont children aged 13–17 spend two hours a day on the App, with average session time peaking when children should be sleeping between [REDACTED].

That "peak" hourly range related to 13–17 year olds now has been revealed in filings in the New Jersey and D.C. suits. While the respective peaks may have arisen from data specific to the users in each location, the peak usage ranges are identical or nearly so.

The Court was willing in the March 25 Order to indulge the inference that the state-specific nature of certain information contributed to the showing that it provided a competitive advantage to Defendant. Where the state-specific information is the same from state to state, however, the more likely inference becomes that the users of each

state are not so unique that it matters. At least, nothing in the original declaration of Noreen Yeh, offered in support of TikTok's motion to seal, meaningfully explains why information that is identical or nearly so from state to state, regardless that it is drawn from state-specific data, continues to provide any competitive advantage when it has been disclosed in multiple other states. TikTok offers no further explanation now. Nor does it dispute that the disclosures ordered in other jurisdictions. It merely relies on an inference that the state-specific nature of the data should be determinative.

Balanced against the critical importance of public's right of access to information presented in judicial proceedings, that is insufficient. Under Vt. R. Pub. Acc. Ct. Rec. 9(a)(5)(a), any seal must be implemented in the "least restrictive" manner possible. In this instance, subsequent events have persuaded the Court that the need for confidentiality of remaining tidbit of information in ¶ 9 can no longer be sustained.

### Conclusion

For the foregoing reasons, the State's motion to reconsider is granted:

(a)     Paragraph 9 is unsealed in its entirety.

(b)     TikTok shall filed a copy of the complaint so modified.[1]

Electronically signed on Wednesday, June 18, 2025, per V.R.E.F. 9(d).

Timothy B. Tomasi
Superior Court Judge

---

[1] To the extent that the State—in footnotes—requested that the Court lift the seal more broadly, that request is denied.